# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:14-CV-00146-MR-DSC

| | |
|---|---|
| LISA BAIN LANDIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| BUNCOMBE COUNTY NC GOVERNMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Defendant City of Asheville and Asheville Police Department's Motion to Dismiss …," Doc. 24; "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)," Doc. 26, both filed on October 17, 2014; and Plaintiff's "Request to Correct…," Doc. 29, filed on November 7, 2014; and the parties' associated briefs and exhibits. See Docs. 25, 27, 28, 30-32.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and are now ripe for the Court's consideration. The Court has carefully examined the record, the parties' arguments, and the applicable authorities. For the following reasons, the Court will order Plaintiff to file a particularized amended complaint.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On June 9, 2014, pro se Plaintiff Lisa Bain Landis filed her initial Complaint in this action, Doc. 1, (the "Initial Complaint"). Thereafter, Plaintiff filed three (3) Amended Complaints: the "Amended Complaint," Doc. 5, on June 27, 2014, the "Re-Amended

Complaint," Doc. 6, on July 16, 2014 and the "Re-Re Amended Complaint," Doc. 9, on September 5, 2014. The Initial Complaint is thirty-nine pages long and alleges twenty-two causes of action. The Amended Complaint is fifty-eight pages long and contains twenty-two causes of action. The Re-Amended Complaint is eighty-four pages long and includes eighty-five causes of action. The Re-Re Amended Complaint is ninety-nine pages long and includes ninety-five causes of action. Based upon the Court's review of the docket, the Re-Re-Amended Complaint, Doc. 9, appears to be the only Complaint that was served on a majority of the Defendants on September 5, 2014.

Each Complaint contains rambling, confusing and often unintelligible statements. As the Plaintiff continued to amend her Complaint, additional parties were added and the allegations became increasingly disjointed and confusing. The Complaints include lengthy and often unnumbered paragraphs, incomplete sentences, and make no distinction between facts and legal claims. The majority of Plaintiff's "Counts" consist of string citations to various cases and statutes, with no underlying factual allegations.

Plaintiff states, "If the Court so desires the Complaint to be amended again for more clarity, Plaintiff will comply." Doc. 32 at 3.

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278

(4th Cir. 1985). Nevertheless, outright dismissal of pro se complaints is not favored where the defects in the complaint may be cured by amendment. McLean v. United States, 566 F.3d 391, 400 (4th Cir.2009). Accordingly, the Court will allow Plaintiff to file a fourth amended complaint within thirty (30) days of the filing date of this Order.

The Court directs Plaintiff to submit a particularized amended complaint that comports with the Federal Rules of Civil Procedure. The body of the complaint must set forth cogently, in separately numbered paragraphs, a short statement of the facts giving rise to her claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each right violated. She should do so with the requisite specificity so as to give Defendants notice, plead the involvement of each Defendant, and clarify what rights have been violated. Under each section, Plaintiff must list each Defendant purportedly liable under that legal theory and explain why she believes each Defendant is liable. Such explanation should reference the numbered factual paragraphs in the body of the complaint that support that assertion. Plaintiff shall also include a prayer for relief.

The Court reminds Plaintiff of her obligation under Fed. R. Civ. P. 8(a) to file an amended complaint which contains a "short and plain statement" of her claims, as well as her obligation under Fed. R. Civ. P. Rule 8(d) to provide a "simple, concise, and direct" pleading. The purpose of the complaint is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "At its core, [Rule 8's] requirement is the most natural embodiment of the 'notice pleading' standard established by the Rules." Knox v. Davis, No. 5:11–CT–3266–F, 2012 WL 2116501, at * 2 (E.D.N.C. June 11, 2012) (citing Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir.2009)). "Rule 8 is not merely a toothless

preference, guideline, or ideal; it establishes a fundamental requirement and is regularly enforced by the court." Id. Its violation is grounds for dismissal of a complaint. See, e.g., Sewarz v. Long, 407 F. App'x 718, 718–19 (4th Cir.2011) (unpublished); North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir.2004) (unpublished).

The Court warns Plaintiff that her failure to comply with the Court's Orders, including the Standing Order and Pretrial Order and Case Management Plan, the Local Rules and the Federal Rules of Civil Procedure may result in **<u>DISMISSAL OF HER CLAIMS WITH PREJUDICE</u>**.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Consequently, the Court finds that Defendants' Motions to Dismiss and Plaintiff's "Request to Correct…" are moot.

IT IS HEREBY ORDERED that

1. <u>Plaintiff shall file her fourth amended complaint within thirty (30) days of this Order.</u>

2. "Defendant City of Asheville and Asheville Police Department's Motion to Dismiss …," Doc. 24, "Defendants Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)," Doc. 26, and Plaintiff's "Request to Correct…," Doc. 29, are administratively **DENIED** as moot without prejudice.

3. The Clerk is directed to send copies of this Order to the pro se Plaintiff; to defense counsel; and to the Honorable Martin Reidinger.

**SO ORDERED**.

Signed: December 3, 2014

David S. Cayer
United States Magistrate Judge