# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:14-CV-00146-MR-DSC

| LISA BAIN LANDIS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **MEMORANDUM AND** |
|  | ) | **RECOMMENDATION AND ORDER** |
|  | ) |  |
| BUNCOMBE COUNTY NC | ) |  |
| GOVERNMENT, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on "Defendant City of Asheville and Asheville Police Department's Motion to Dismiss …," Doc. 41, filed on February 16, 2015, and "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 8 and 12(b)(6)," Doc. 42, filed on February 17, 2015, and the parties' associated briefs and exhibits. See Docs. 43 and 44.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and are now ripe for the Court's consideration. Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be granted, as discussed below.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On June 9, 2014, pro se Plaintiff Lisa Bain Landis filed her initial Complaint in this action, Doc. 1. Plaintiff has since filed three Amended Complaints: the "Amended Complaint," Doc. 5, on June 27, 2014, the "Re-Amended Complaint," Doc. 6, on July 16, 2014 and the "Re-Re

Amended Complaint," Doc. 9, on September 5, 2014. Each of these amended Complaints was filed without leave of Court.

On December 3, 2014, the Court entered an Order, Doc. 33, ruling on the Defendants' First Motions to Dismiss and ordering Plaintiff to submit a particularized amended complaint in compliance with the Federal Rules of Civil Procedure. In that Order, the Court stated the following with respect to Plaintiff's Complaints:

> Each Complaint contains rambling, confusing and often unintelligible statements. As the Plaintiff continues to amend her Complaint, additional parties were added and the allegations became increasingly disjointed and confusing. The Complaints include lengthy and often unnumbered paragraphs, incomplete sentences, and make no distinction between facts and legal claims. The majority of Plaintiff's "Counts" consist of string citations to various cases and statutes, with no underlying factual allegations.

Id. at 3.

The Court's Order specifically stated:

> The Court directs Plaintiff to submit a particularized amended complaint that comports with the Federal Rules of Civil Procedure. The body of the complaint must set forth cogently, in separately numbered paragraphs, a short statement of the facts giving rise to her claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each right violated. She should do so with the requisite specificity so as to give Defendants notice, plead the involvement of each Defendant, and clarify what rights have been violated. Under each section, Plaintiff must list each Defendant purportedly liable under that legal theory and explain why she believes each Defendant is liable. Such explanation should reference the numbered factual paragraphs in the body of the complaint that support that assertion. Plaintiff shall also include a prayer for relief.

Id. The Court also reminded Plaintiff of her obligation under Federal Rule of Civil Procedure 8, to provide a "short and plain statement" of her claims and a "simple, concise, and direct" pleading. Id. at 3-4. The Court explicitly stated:

> The Court warns Plaintiff that her failure to comply with the Court's Orders, including the Standing Order and Pretrial Order and Case Management Plan, the Local Rules and the Federal Rules of Civil Procedure may result in

**DISMISSAL OF HER CLAIMS WITH PREJUDICE.**

Id. at 4. The Court ordered Plaintiff to file her fourth amended complaint within thirty days of the Order, which would have been on or before January 5, 2015.

On December 29, 2014, Plaintiff filed a Motion for Extension of Time to comply with the Court's December 3, 2014 Order. Doc. 35. The Court granted Plaintiff's Motion and extended her time to file a particularized amended complaint up to and including January 30, 2015. Doc. 36. On January 30, 2015, Plaintiff filed another Motion for Extension of Time. Doc. 38. The Court denied Plaintiff's Motion on February 2, 2015. Doc. 39. On that same day, and following the Court's denial of an extension, Plaintiff filed her Fourth Amended Complaint. Doc. 40.

## II. STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). The Rule further mandates that each averment "be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). A lengthy complaint based upon a confusing narrative places an unjustified burden on the court and the party who must respond. It becomes impossible to distinguish the legally significant facts from the irrelevant verbiage. See North Carolina v. McGuirt, 114 F. App'x 555, 558–59 (4th Cir. 2004). A complaint that fails to comply with these pleading requirements is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Id. at 558.

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

Rule 41(b) of Federal Rules of Civil Procedure provides for involuntary dismissal of a case when the "plaintiff fails ... to comply with [the federal] rules or a court order." Fed.R.Civ.P. 41(b). The Court may dismiss a complaint under Rule 41(b) in its discretion, and such a dismissal may be with prejudice. T.W. v. Hanover County Public Schools, 900 F.Supp.2d 659, 667 (E.D. Va. 2012) (internal citations omitted).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A court considering a motion to dismiss must evaluate the pro se plaintiff's pleadings according to the standards set forth in the Federal Rules of Civil Procedure. Davis v. Bacigalupi, 711 F.Supp.2d 609, 615 (E.D.Va. 2010).

Pro se litigants are not exempt from the rules of procedure or court imposed deadlines. Alston v. Becton, Dickinson & Co., No. 12–cv–452, 2014 WL 338804, at *3 (M.D.N.C. Jan. 30, 2014) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or

court-imposed deadlines." (quotation marks omitted) (quoting Jones v. Phillips, 39 F.3d 158, 163 (7th Cir.1994))). Like all parties, they are required to respect court orders and procedures "without which effective judicial administration would be impossible." Craft v. Astrue, No. 10–CV–9, 2012 WL 6569021, at *1 (M.D.N.C. Dec. 17, 2012) (quoting Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989)). Where a Rule or order is violated, "[t]here is [ ] no doubt that pro se litigants are subject to any and all appropriate sanctions for their misconduct." Zaczek v. Fauquier Cnty., 764 F.Supp. 1071, 1077 (E.D.Va.1991).

### III. DISCUSSION

The Fourth Amended Complaint is forty-two pages long and includes a "Memorandum" in support which is thirteen pages long. See Docs. 40, 40-1. The Fourth Amended Complaint alleges eighty-one causes of action and lists all Defendants as purportedly liable on each of these claims. Id. Plaintiff's "facts", like those in her other Complaints, consist of lengthy incomplete sentences with no distinction between these facts and her claims for relief. The only difference between Plaintiff's prior Complaints and the Fourth Amended Complaint is that she numbered the "nature of the case" and "defendants" sections and listed all Defendants as purportedly liable for all claims.

Plaintiff's Fourth Amended Complaint does not comply with any of the requirements of the Court's December 3, 2014 Order. The Fourth Amended Complaint is neither "short" nor "plain" as Rule 8 requires. While Plaintiff lists all Defendants in the caption of all eighty-one "counts," she fails to explain how each Defendant is purportedly liable on each claim. Instead of referencing numbered factual paragraphs in the body of the Complaint to explain how each Defendant is liable, she merely states "¶¶ Supra Incorporated by References." The Fourth Amended Complaint wholly fails to provide Defendants with notice of what rights they

have purportedly violated or which claims are asserted against each Defendant.

In sum, the Fourth Amended Complaint completely fails to comport with the Court's Order and the Federal Rules of Civil Procedure and therefore fails to state a claim upon which relief can be granted. Plaintiff's disregard for the December 3, 2014 Order, despite a clear warning from the Court, warrants dismissal of the Fourth Amended Complaint with prejudice.

For those reasons, the undersigned respectfully recommends that Defendants' Motions to Dismiss be <u>granted</u>.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendant City of Asheville and Asheville Police Department's Motion to Dismiss …," Doc. 41, and "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 8 and 12(b)(6)," Doc. 42, be **GRANTED**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363,

1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to pro se Plaintiff, counsel for Defendants, and to the Honorable Martin Reidinger.

**SO ORDERED AND RECOMMENDED**.

Signed: March 27, 2015

David S. Cayer
United States Magistrate Judge