# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-146-MR-DSC

| | |
|---|---|
| LISA BAIN LANDIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **MEMORANDUM OF** |
| | ) **DECISION AND ORDER** |
| BUNCOMBE COUNTY NC | ) |
| GOVERNMENT, WANDA GREENE, | ) |
| KATHY HUGHES, BUNCOMBE | ) |
| COUNTY COMMISSIONERS, | ) |
| DAVID GANTT, BILL STANLEY, | ) |
| MIKE FRUE, BUNCOMBE COUNTY | ) |
| SHERIFF OFFICE, RON MOORE, | ) |
| CITY OF ASHEVILLE, JOHN/JANE | ) |
| DOES 1-5, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on certain Defendants' Motions to Dismiss [Docs. 41 & 42]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of those motions [Doc. 50]; and the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation. [Docs. 51 & 52].

## **PROCEDURAL BACKGROUND**

The Plaintiff, proceeding *pro se*, commenced this matter June 9, 2014, by filing her Complaint that day [Doc. 1] together with motions to proceed in *forma pauperis* and for the appointment of counsel. [Docs. 2 & 3]. The Court denied Plaintiff's IFP and appointment motions. [Doc. 4]. Plaintiff thereafter filed an Amended Complaint as a matter of course on June 27, 2014. [Doc. 5]. On July 16, 2014, without leave, Plaintiff filed a "Re-Amended Complaint" (a second amended complaint) and paid her civil filing fee. [Docs. 6 & 7]. On September 5, 2014, again without leave, Plaintiff filed a "Re-Re-Amended Complaint" (a third amended complaint). [Doc. 9]. The Clerk reissued Summons to all named Defendants on September 5, 2014. [Doc. 10]. On this same date, Plaintiff filed a "Motion for Class Action." [Doc. 11]. All Defendants were either served or had process accepted on their behalf by counsel. [Docs. 15 & 18].

Plaintiff introduces herself as, "Lisa Gay Bain Landis, here in known as: 'GLoLady' is a Natural born Female Mystic of the White/Rainbow Prophesied Race, a Starseed, and Lightworker. A certain Class of Traveler, with Riches in the Divine Creator's Heaven and Earth. Graceful to Almighty God, the Sovereign Ruler of Nations. Honoring a Divine Feminine Religion of the Universal Mind. Harm None Do As Ye Will, Peace Ambassador in

Consciousness, With Divine Inspiration, as guided to stop Injustice and forced servitude to tyrannical rule." [Doc. 40 at 2]. Plaintiff, as explained above, has undertaken her own representation. Defendants City of Asheville and Asheville Police Department ("Asheville City Defendants") are represented by the City Attorney for Asheville, North Carolina. [Doc. 14]. Defendants Buncombe County NC Government, Wanda Greene, Kathy Hughes, Buncombe County Commissioners, David Gantt, Bill Stanley, Mike Frue, Buncombe County Sheriff [sic] Office, ("Buncombe County Defendants") are represented by the County Attorney for Buncombe County, North Carolina. [Doc. 18]. Defendant Ron Moore has not filed any Answer or Motion or otherwise appeared in this action. On October 7, 2014, Plaintiff filed a "Motion for Default Judgment" as to Defendant Moore. [Doc. 22].

On October 17, 2014, Asheville City Defendants and Buncombe County Defendants filed motions to dismiss Plaintiff's Third Amended Complaint. [Docs. 24 & 26]. Recognizing the latitude afforded *pro se* litigants, the Magistrate Judge signed an Order dated December 3, 2014, which allowed Plaintiff 30 days to file a Fourth Amended Complaint in compliance with the Federal Rules of Civil Procedure and thereby denied as moot, and without prejudice, Defendants' various dismissal motions. [Doc. 33].

3

On February 2, 2015, Plaintiff filed her Fourth Amended Complaint. [Doc. 40]. Plaintiff named as additional Defendants John/Jane Doe 1 through 5.[1] [Id.]. On February 16, 2015, Asheville City Defendants filed their "Motion to Dismiss Plaintiff's Fourth Amended Complaint." [Doc. 41]. Buncombe County Defendants filed their Motion to Dismiss the following day. [Doc. 42]. Plaintiff responded to the Defendants' motions. [Docs. 43 & 44].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable Davis S. Cayer, United States Magistrate Judge, was designated to consider the Defendants' motions and to submit to this Court a recommendation for their disposition. On March 27, 2015, the Magistrate Judge filed a Memorandum and Recommendation ("M&R") containing proposed conclusions of law in support of a recommendation that the Defendants dismissal motions be granted and Plaintiff's action be dismissed with prejudice. [Doc. 50]. The Plaintiff filed her "Objection to Recommendation and Order by Judge Cayer" and "Memorandum Objection

---

[1] Plaintiff has neither formally identified, nor had process issued in the name of, any of Defendants John/Jane Doe 1 through 5. Plaintiff's Fourth Amended Complaint does not allege how she is aggrieved by any such persons. For these reasons, the Court will dismiss Plaintiff's action against these Defendants *sua sponte*.

to Recommendation and Order by Judge Cayer" on April 10, 2015 (herein "Objections"). [Docs. 51 & 52].

## STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

The Court has before it the task of considering Plaintiff's Objections which oppose the recommendation contained in the M&R that Plaintiff's *pro*

5

*se* action be dismissed on procedural grounds. This is particularly difficult in this case. On the one hand, the Court must give a *pro se* litigant leeway when reviewing her pleadings and construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). On the other hand, the Court cannot assume the role of advocate for a *pro se* party, Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1987), nor piece together claims which might exist in her complaint but have not been clearly and plausibly alleged. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The Magistrate Judge, in his Order signed December 3, 2014, allowing Plaintiff to file a Fourth Amended Complaint, provided her with clear and precise parameters to employ when doing so:

> The Court directs Plaintiff to submit a particularized amended complaint that comports with the Federal Rules of Civil Procedure. The body of the complaint must set forth cogently, in separately numbered paragraphs, a short statement of the facts giving rise to her claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each right violated. She should do so with the requisite specificity so as to give Defendants notice, plead the involvement of each Defendant, and clarify what rights have been violated. Under each section, Plaintiff must list each Defendant purportedly liable under that legal theory and explain why she believes each Defendant is liable. Such explanation should reference the numbered factual paragraphs in the body of the complaint that support that assertion. Plaintiff shall also include a prayer for relief.

6

[Doc. 33 at 3]. The Magistrate Judge warned Plaintiff that she risked the dismissal of her action with prejudice should she fail to comply with the instructions contained in his Order. [Id. at 4].

On February 2, 2015, Plaintiff filed her Fourth Amended Complaint. [Doc. 40]. Plaintiff did not heed the Magistrate Judge's instructions when she filed that pleading. As noted by the Magistrate Judge in his M&R,

> Plaintiff's Fourth Amended Complaint does not comply with any of the requirements of the Court's December 3, 2014 Order. The Fourth Amended Complaint is neither "short" nor "plain" as Rule 8 requires. While Plaintiff lists all Defendants in the caption of all eighty-one "counts," she fails to explain how each Defendant is purportedly liable on each claim. Instead of referencing numbered factual paragraphs in the body of the Complaint to explain how each Defendant is liable, she merely states "¶¶ Supra Incorporated by References." The Fourth Amended Complaint wholly fails to provide Defendants with notice of what rights they have purportedly violated or which claims are asserted against each Defendant.
>
> In sum, the Fourth Amended Complaint completely fails to comport with the Court's Order and the Federal Rules of Civil Procedure and therefore fails to state a claim upon which relief can be granted. Plaintiff's disregard for the December 3, 2014 Order, despite a clear warning from the Court, warrants dismissal of the Fourth Amended Complaint with prejudice.

[Doc. 50 at 6-7].

The Court has reviewed Plaintiff's forty-two page Fourth Amended Complaint and her fifteen page "Memorandum" filed with it. To quote another member of this Court proceeding under similar circumstances,

7

> [T]he Plaintiff makes a variety of opaque and vague allegations, which have coalesced into an almost indecipherable conglomeration of labels and legal conclusions, as well as wearisome exposition regarding irrelevant matters. With regard to actual well-pleaded factual matters, there is an utter dearth of material available for the Court to review. For the purpose of analyzing the pending motions, this Court has exerted considerable effort in the hope of untangling Plaintiff's essential claims from the hodgepodge of allegations found in the [ ] Amended Complaint.

Silvers v. Iredell County DSS, No. 5:15-CV-83-RLV-DCK, 2016 WL 427953, slip op. at *8 (W.D.N.C. Feb. 3, 2016). Despite its efforts aimed at attempting to untangle Plaintiff's essential claims from the hodgepodge of her allegations, the Court is unable to do so. To exacerbate matters, Plaintiff's Objections fail to highlight for this Court any issue contained within the M&R "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622. A fair reading of Plaintiff's Objections discloses that they are not objections to the M&R at all. Her Objections are a continuation of her rambling, confusing, and often unintelligible statements found in the Fourth Amended Complaint, along with citations and quoted passages from various authorities not relevant or responsive to any matter contained in the M&R. The four paragraphs Plaintiff sets out in the substantive "Discussion" portions of her Objection [Doc. 51] and her Memorandum Objection [Doc. 52] consist of:

8

(1) Plaintiff's statement that her pleadings "contain sufficient facts and allegations that … if proved, could establish violations of Title VI and the Constitution[,]" [Doc. 51 at 5], but she fails to identify which allegations;

(2) "'He who sees things grow from the beginning will have the best view of them' Aristotle. Plaintiff did not have the luxury to learn Man's Law from the beginning as taught in Law school. Plaintiff, a Mystic, does have the inherent instinct of Right from Wrong. Did experience, discover and view the wrongs expressed in this Complaint. Plaintiff, by Man's Law, is due compensation for damages maliciously intentionally done by Defendants." [Id.];

(3) Plaintiff's assertion that she "did not 'intentionally' disregard the December 3, 2014 Order" of Magistrate Judge Cayer. [Doc. 52 at 14 (emphasis in original)]; and,

(4) Plaintiff's explanation that her failure to comply with Magistrate Judge Cayer's Order "could be due to no Audio or Visual Instructions as well as written instructions. It is well documented that not all people learn in the same manner." [Id.].

The Court does not question the genuineness with which Plaintiff contends, through her pleadings, she has been harmed. The Court,

9

however, cannot assume the role of her counsel to try to fashion her statements into a cognizable claim.

After careful review and consideration of the Magistrate Judge's M&R [Doc. 50] and the Plaintiff's Objections thereto [Docs. 51 & 52], the Court concludes that the Magistrate Judge's legal analysis is consistent with applicable case law.[2] Accordingly, the Court hereby overrules the Plaintiff's Objections and accepts the Magistrate Judge's recommendation.

### ORDER

**IT IS, THEREFORE, ORDERED** that: the Memorandum and Recommendation [Doc. 50] is **ACCEPTED**; the Plaintiff's "Objection to Recommendation and Order by Judge Cayer" and "Memorandum Objection to Recommendation and Order by Judge Cayer" [Docs. 51 & 52] are **OVERRULED**; and, Plaintiff's action as set out in her Fourth Amended Complaint [Doc. 40] is hereby **DISMISSED with prejudice**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: March 18, 2016

Martin Reidinger
United States District Judge

---

[2] To be clear, the Plaintiff's action being dismissed because her Fourth Amended Complaint is so ambiguous and indecipherable that it fails to state a claim. The action is not being dismissed because Plaintiff failed to follow some technical rules.